[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Eleanor Marks brings this action against defendants Daniel Beard and UST Bank ("UST") to recover for injuries allegedly sustained when she fell while on premises owned and controlled by the defendants. On August 30, 1993, this court (Fuller, J.) granted Beard's motion for summary judgment on the ground that Beard was not in control of the premises at the time that the plaintiff allegedly sustained her injuries.
On February 8, 1994, UST filed a request to admit, in which it requests the plaintiff to admit or deny the truth and genuineness of two medical reports, dated December 28, 1992, and June 4, 1992, filed by Dr. John Steiner. On February 19, 1994, the plaintiff filed an objection to the request to admit (#116). The plaintiff objects on the ground that the reports were not prepared by the plaintiff, and therefore, the plaintiff can neither admit or deny the genuineness of these reports. The plaintiff contends that the authenticity of these reports should be determined by deposing Dr. Steiner.
On March 29, 1994, UST filed a motion to determine the sufficiency of the plaintiff's answer to its request for admissions (#117). In support of its motion, UST argues that pursuant to General Statutes § 52-174 (b), the truth and genuineness of the medical reports identified in its request to admit must be either admitted or denied by the plaintiff. UST further argues that the plaintiff's objections are improper because they violate § 52-174 (b), which permits the admission of the medical reports of a treating physician. Thus, UST asks this court to order the plaintiff to serve answers to its request to admit in accordance with Practice Book § 239.
Practice Book § 238(a) provides in pertinent part that:
 A party may serve . . . upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending action set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the existence, due execution and genuineness of any documents described in the request.
(Emphasis added.) CT Page 6803
Practice Book § 239 provides in pertinent part that:
 If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the answer. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny . . . .
Defendant UST contends that General Statutes § 52-174 (b) provides that medical reports such as the reports at issue in the present case are the proper subject of a request to admit. Section 52-174 (b) provides in pertinent part that:
 In all actions for the recovery of damages for personal injuries . . . any party offering in evidence a signed report and bill for treatment of any treating physician . . . may have the report admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician . . . . The use of any such report or bill in lieu of the testimony of such treating physician . . . shall not give rise to any adverse inference concerning the testimony or lack of testimony of such treating physician . . . .
It is clear that the purpose of § 52-174 (b) is to provide that a treating physician's medical reports, characterized in the statute as "business entries," will not be rendered inadmissible based upon "a party's failure to produce the person or persons making the CT Page 6804 writing or by a party's failure to show that such persons are unavailable as witnesses." Struckman v. Burns, 205 Conn. 542,548, 534 A.2d 888 (1987). The defendant may offer Dr. Steiner's reports into evidence pursuant to § 52-174 (b) regardless of whether the plaintiff admits or denies the genuineness of these reports. It is submitted that § 52-174 (b) is not relevant to the plaintiff's objection to UST's request to admit and UST's motion to determine the sufficiency of the plaintiff's answers to its request to admit. It is noted that the plain language of § 52-174 (b) does not place an obligation on the plaintiff to either admit or deny the genuineness of the treating physician's report in response to the defendant's request to admit.
In such a situation, the relevant statute is § 52-206, which provides:
 Writings; admission of their execution. (a) Either party to a civil action may, by written notice, call upon the other to admit the existence and due execution of any document, material to the issue, saving all just exceptions.
 (b) If the opposing party neglects or refuses to make such a requested admission within a reasonable time after the receipt of such notice, the costs of proving the document shall be paid by the party neglecting or refusing to make the admission regardless of the result of the action unless the court finds that the neglect or refusal was reasonable.
(Emphasis added.)
Pursuant to its request to admit, UST "requests the plaintiff to admit or deny the truth and genuineness" of Dr. Steiner's medical reports. In her objection, the plaintiff states that she can neither admit or deny the genuineness of these reports because they were not prepared by the plaintiff. Pursuant to Practice Book § 238(a) and General Statutes § 52-206, UST may properly call upon the plaintiff to admit to the existence, due execution and genuineness of certain documents. It is found that such a request would be proper and relevant if the documents in question were allegedly prepared or executed by the plaintiff, or if the CT Page 6805 existence of such documents was at issue. In the present case, the medical reports in question were not prepared or executed by the plaintiff, and there is no legitimate question concerning the existence of these records.
With respect to the issue of the genuineness of the medical reports, it is found that the plaintiff is not competent to testify as to the genuineness of a document which the plaintiff did not execute. Having the plaintiff admit or deny the genuineness of the medical reports would serve no purpose in light of General Statutes § 52-174 (b), which allows such reports to be admitted into evidence irrespective of any admissions or denials made by the plaintiff. It is also clear that UST's request is improper insofar as it seeks to have the plaintiff admit to the "truth" of these reports. It is noted that such a vague and overly broad request would require the plaintiff to either admit or deny the truth of the substance of the doctor's reports (i.e., the truth of the doctor's statements of fact and medical opinions). It is clear that neither the Practice Book nor the General Statutes require the plaintiff to admit or deny the "truth" of such statements.
It is accordingly found that the plaintiff's objections to UST's request to admit (no. 116) should be sustained and UST's motion to determine the sufficiency of the plaintiff's answers to UST's request to admit (no. 117) should be denied.
WILLIAM J. McGRATH, JUDGE